**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL E. BOYD, | No. 12-17434 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-05018-PSG |
| v. | |
| GMAC MORTGAGE LLC; MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding[**]

Submitted August 13, 2014[***]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Michael E. Boyd appeals pro se from the district court's judgment

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

   [***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing his action alleging various claims concerning two mortgage loan agreements. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Boyd's quiet title claim because Boyd stopped making payments on his loans, was not released of his obligations under the loans, and Boyd's deeds of trust authorized defendant to initiate foreclosures. *See* Cal. Civ. Code § 2924(a)(1); *see also Gomes v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 3d 819, 823-24 (Ct. App. 2011) (California law does not "provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized").

The district court properly dismissed Boyd's claims related to two contracts as time-barred because the claims accrued in December 2006 and January 2007 when the contracts were formed, and Boyd did not file his original complaint until October 2011. *See* Cal. Civ. Proc. Code § 337 (setting forth four year limitations period).

The district court properly dismissed Boyd's claim for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200,

12-17434

because Boyd failed to allege sufficient facts to state a plausible UCL claim on the basis of a living trust agreement between Boyd and his spouse. *See E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty.").

Dismissal of Boyd's due process claims was proper because nonjudicial foreclosure proceedings do not violate due process. *See Apao v. Bank of N.Y.*, 324 F.3d 1091, 1094-95 (9th Cir. 2003) (nonjudicial foreclosure was not state action and therefore did not implicate due process); *Garfinkle v. Superior Court*, 578 P.2d 925, 934 (Cal. 1978) ("[N]onjudicial foreclosure of a deed of trust constitutes private action authorized by contract and does not come within the scope of the California due process clause.").

Because Boyd did not file a motion pursuant to Fed. R. Civ. P. 7(b) with the lis pendens filed with his complaint, the district court did not err in taking no action on Boyd's lis pendens, and even assuming a proper motion had been filed, there was no pending cause of action which would affect title to specific real property. *See* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion."); *see also* Cal. Civ. Proc. Code § 405.4 (defining "real property claim"); Cal. Civ. Proc. Code § 405.21 (a pro se litigant must seek court approval in order to record a lis pendens); *Kirkeby v. Superior Court*, 93 P.3d 395, 398-99 (Cal.

12-17434

2004) (courts must assess whether the pleading alleges a real property claim).

Boyd's appeal of the denial of his motions for injunctive relief is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of preliminary relief would have no practical consequences, and the issue is therefore moot).

The district court properly denied both Boyd's motion for procedural relief and his attempt to remove this action to the bankruptcy court, and appropriately considered his allegations and applied the correct standard for dismissal under Fed. R. Civ. P. 12(b)(6).

We do not consider arguments raised for the first time on appeal, including Boyd's arguments concerning a First Amendment right to a court of one's choosing. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**